IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KELVIN J. MILES, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 24-3269-BAH |
| JOSEPH R. BIDEN et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Kelvin Miles ("Miles") filed the above-captioned complaint *pro se*. He later filed a motion for leave to proceed in forma pauperis, ECF 6, which shall be granted. Miles filed an initial complaint, ECF 1, as well as a proposed amended complaint, ECF 4.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Because Miles does not advance a cognizable claim upon which relief can be granted, his complaint will be dismissed.

In the instant action, Miles brings suit against defendants President Joseph Biden, the United States of America, and the Prime Minister of Israel (collectively "Defendants"). The handwritten initial and amended complaints are difficult to discern and do not name any specific cause of action. As best the Court can tell, Miles takes issue with foreign conflicts, seeks an injunction, and asks for damages of "1-Billion Dollars within 3 to 4 days forthwith for stress, mental anguish, [and] frailness . . . ." ECF 4, at 8. Miles also details a history of health problems and so requests appointment of counsel to assist with the course of the lawsuit. *Id.*, at 5–7; ECF 5, at 2.

I.   Analysis

Whether a plaintiff has standing to sue is a threshold inquiry for any lawsuit. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597 (2007). To establish standing, a plaintiff must demonstrate that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In order to show that they have suffered "an injury in fact," a plaintiff must establish a "concrete and particularized" and "actual or imminent" "invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. An injury is "particularized" where it "affect[s] the plaintiff in a personal and individual way." *Id*. "An interest shared generally with the public at large in the proper application of the Constitution and laws will not do." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). "It has long been established . . . that the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government." *Hein*, 551 U.S. at 593.

2

Here, Miles fails to allege any actual or imminent injury that he has personally suffered as a result of the Defendants' actions regarding Gaza and Israel. Though Miles claims general harms, he has not showed how Defendants have specifically injured him in a manner apart from the public at large. This Court is only authorized to hear case in which the plaintiff can establish standing by showing a concrete and particularized harm. *See Hein*, 551, U.S. at 597; *Lujan*, 504 U.S. at 560. Miles cannot meet this standard. Furthermore, his lack of standing cannot by cured by amending his complaint. The Court will therefore not grant leave to amend and will dismiss Miles's claims.

The Court will also deny Miles's request for appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances. *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), *aff'd in part, vacated on other grounds,* 686 F. App'x 228 (4th Cir. 2017). Whether exceptional circumstances exist is a fact-specific determination. *See Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)*, abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 162). Because Miles does not have a colorable claim, no exceptional circumstances exist to warrant appointment of counsel.

## II.  Conclusion

Accordingly, it is this 4th day of December, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Miles's motion to proceed in forma pauperis, ECF 6, is GRANTED;

(2) Miles's claim is DISMISSED; and

(3) the Clerk SHALL PROVIDE a copy of this Order to Miles.

                                                              /s/
                                           Brendan A. Hurson
                                           United States District Judge

Case 1:24-cv-03269-BAH   Document 7   Filed 12/04/24   Page 4 of 4